UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

UNITED STATES OF AMERICA

v.

WESAM EL-HANAFI,

        Defendant.
--------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 1, 2020
```

10-CR-162 (KMW)
**ORDER**

KIMBA M. WOOD, District Judge:

    Defendant Wesam El-Hanafi has moved to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of COVID-19. (ECF No. 242.)

    No later than May 6, 2020, the Government shall respond to Defendant's motion. With its response, the Government shall provide the following information, after conferring with the Bureau of Prisons ("BOP") and the United States Probation Office as appropriate:

1. The BOP's assessment of the factors listed in the Attorney General's Memorandum for Director of Bureau Prisons dated March 26, 2020 as they pertain to Defendant; who at the BOP assessed Defendant's risk factors for severe COVID-19 illness; and upon what information that person's assessment was made;

2. The criteria used by the BOP to decide whom to test for COVID-19 at FCI Butner, and whether Defendant has been tested;

3. Approximately how many tests for COVID-19 have been conducted at FCI Butner;

4. The number of inmates and staff who have tested positive and the number of inmates and staff who have tested negative for COVID-19 at FCI Butner, both as absolute numbers and as a percentage of the total population of inmates and staff at FCI Butner;

5. A comparison of the risks of contracting COVID-19 at FCI Butner to those risks at the location where Defendant seeks to serve a term of home confinement;

6. Whether Defendant has been in close proximity to any inmate or staff member who has tested positive for COVID-19;

7. The Government's assessment of the factors set forth in 18 U.S.C. § 3553(a) as they pertain to Defendant;

8. Defendant's disciplinary record in prison, risk of recidivism, risk of violence, and any changes or additions that should be made to the originally-imposed conditions of supervised release;

9. Whether the BOP intends to reconsider Defendant for home confinement; by what date the BOP expects to make a determination regarding home confinement, should it reconsider its previous determination; upon what specific information the BOP's previous determination relied; and upon what specific information the BOP's determination will rely upon reconsideration.

10. Whether the BOP intends to consider Defendant for furlough; by what date the BOP expects to make a determination regarding furlough; and upon what specific information the BOP's determination will rely.

SO ORDERED.

Dated: New York, New York
      May 1, 2020                                             /s/ Kimba M. Wood
                                                                     KIMBA M. WOOD
                                                       United States District Judge